UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

Douglas Cavanaugh

                             Plaintiff                    Case No.:

   v.                                                 **COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Individuals, Corporations, Limited
Liability Companies, Partnerships,
and Unincorporated Associations Identified
on Schedule A to the Complaint,                **JURY TRIAL DEMANDED**

                             Defendants.

-----------------------------------------------------------x

Plaintiff, Douglas Cavanaugh, ("Plaintiff"), hereby alleges as follows against the individuals, corporations, limited liability companies, partnerships, and unincorporated associations and foreign entities identified on **Schedule A** attached hereto (collectively, "Defendants").

## INTRODUCTION

1.      This action has been filed by Plaintiff to address the widespread infringing activities of Defendants that are harming Plaintiff's copyrights. Through highly interactive websites, Defendants, and each of them, commercially promote, advertise, distribute, offer to sell, and/or sell jewelry pendants in interstate commerce that exploit exact copies of Plaintiff's copyrighted artwork (the "Infringing Product(s)"). Each Defendant is unlawfully offering for sale, selling, and/or displaying the Infringing Products within their respective e-commerce storefronts (the "Online Storefronts"), operated through one or more online marketplaces, namely Alibaba, AliExpress, Etsy, and Wish (the "Service Providers"). As a result of Defendants' actions, Plaintiff

has been and continues to irreparably damaged through the tarnishing of its valuable copyright and goodwill, as well as diverting sales from lawful sources selling Plaintiff's works of art. As such, Plaintiff seeks injunctive and monetary relief.

## SUBJECT MATTER JURISDICTION

2. This is an action for copyright infringement arising under the Copyright Act of 1976 (17 U.S.C. §§ 101 et seq. as amended).

3. This Court has subject matter jurisdiction over Plaintiff's copyright infringement claims under the Copyright Act of 1976 (17 U.S.C. §§ 101 *et seq.* as amended) and 28 U.S.C. §§ 1331 and 1338.

## PERSONAL JURISDICTION AND VENUE

4. Defendants are subject to personal jurisdiction in New York by virtue of their purposefully directed business activities toward consumers throughout New York and the United States, accomplished through their respective Online Storefronts accessible in New York.

5. Personal jurisdiction exists over Defendants in New York and this Judicial District pursuant to C.P.L.R. § 301, C.P.L.R. § 302(a)(1) and/or C.P.L.R. § 302(a)(3), or in the alternative, Fed. R. Civ. P. 4(k).

6. In the further alternative, certain Defendants are domiciled in New York or otherwise have continuous and systematic contacts within New York.

7. Upon information and belief Defendants regularly conduct, transact, and/or solicit business in New York and this Judicial District, derive substantial revenue from business transactions in New York and this Judicial District, and/or otherwise avail themselves of the privileges and protections of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

8. Defendants, and each of them, target their business activities toward consumers throughout the United States, including within New York and this District, through their respective Online Storefronts.

9. Defendants, and each of them, operate their commercial activities through their highly interactive Online Storefronts.

10. Defendants, and each of them, have sold, shipped, or otherwise distributed Infringing Products to consumers located in New York.

11. Defendants located outside of New York have also caused injury to Plaintiff's copyrights in New York, namely the diminution and/or tarnishment of the value of the copyrights.

12. Certain Defendants have contracted with Etsy, Inc., a New York corporation, to create, operate, and manage online storefronts through Etsy.com. These Defendants have offered for sale and/or sold Infringing Products through Etsy.com. In connection with the offering for sale and sale of the Infringing Products, these Defendants have paid listing fees, advertising fees, transaction fees, and/or other account management fees to Etsy, Inc., satisfying all requirements under C.P.L.R. § 302(a)(1) by transacting business within the State concerning the subject of this litigation.

13. Defendants, and each of them, operate their highly interactive storefronts through at least one of the Service Providers, allowing New York consumers to communicate with Defendants, purchase Infringing Products and other goods, and upon completion of a sale, either ship goods to New York or deliver electronically to New York customers.

14. Defendants, and each of them, operate their Online Storefronts through the Service Providers for the express business purpose of selling to consumers located across the world, including New York.

15. Defendants' Online Storefronts, and each of them, communicate with customers, accept orders in U.S. dollars, offer to sell and sell the Infringing Products, ship the Infringing Products to New York, and target New York consumers.

16. Defendants, and each of them, offered for sale at least one Infringing Product to consumers in New York.

17. In the alternative, Defendants are subject to personal jurisdiction in this district pursuant to Fed. R. Civ. P. 4(k)(2) since Defendants are not subject to jurisdiction in any state's court of general jurisdiction, and exercising personal jurisdiction in consistent with the laws of the United States.

18. Defendants, and each of them, have caused injury to Plaintiff's copyrights inside of New York, as alleged herein.

19. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendants have committed acts of copyright infringement in this District, including the advertising, offering to sell, selling, and/or shipping of Infringing Products to consumers in this District, and do substantial business in this District.

20. Alternatively, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(3) because Defendants are subject to the court's personal jurisdiction and are not residents of the United States.

## **PLAINTIFF AND HIS WORKS OF ART**

21. Plaintiff is an artist whose unique artwork incorporates various Celtic and Nordic themes, including unique depictions of mythological creatures.

22. Cavanaugh's livelihood is dependent on his ability to license his artwork and sell merchandise bearing his designs.

23. Prior to the conduct complained of herein, Plaintiff composed a work of art titled "Fenrir: The Monster Wolf of Norse Mythology" (the "Subject Work") – an original two-dimensional artwork for use, license, and sale on t-shirts and other products.

24. The Subject Work was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

25. Plaintiff applied for a United States copyright registration for the Subject Work. The resulting U.S. Copyright Registration No. VA 2-119-205 has an effective date of December 11, 2017. The Copyright Registration Certificate and original artwork are annexed hereto as **EXHIBIT A**

26. Plaintiff, through various websites and storefronts, sells products bearing the Subject Work.

27. The success of the Subject Work has resulted in significant counterfeiting and infringing conduct.

28. Plaintiff suffers enduring infringements of its copyrights through the intentional actions of infringers and counterfeiters, such as the Defendants.

29. As a result, not only does Plaintiff experience financial loss, but it also experiences damage to the value of its intellectual property rights.

30. As a result of Defendants' infringing behavior, the public is deceived into believing that they are purchasing lawful products and Defendants earn substantial profits therefrom.

31. To address the ongoing harm caused by Defendants' infringing actions, Plaintiff expends substantial resources in connection with its enforcement efforts, including legal fees.

## **THE DEFENDANTS**

32. Defendants are individuals or business entities, presently identified by their fictitious online merchant seller names, each of which (a) reside or are domiciled in New York, (b) reside outside of New York, but transact business within New York, and/or (c) caused damage to Plaintiff's copyrights in New York.

33. Defendants, and each of them, are merchants operating e-commerce storefronts through one or more of the Service Providers' websites.

34. Defendants, and each of them, maintained, registered, or otherwise established their Online Storefronts through the Service Providers

35. Through one or more of the platforms offered by the Service Providers, and their associated Online Storefronts, Defendants, and each of them, offer for sale, sell, distribute, import, reproduce, and/or display their merchandise, including the Infringing Products, to consumers in this District and throughout the United States.

36. Defendants, and each of them, target their business activities toward consumers throughout the United States, including within New York and this District, through their Online Storefronts

37. Each Online Storefront offers shipping to the United States, including New York.

38. Joinder of all Defendants is permissible based on Fed. R. Civ. P 20, which allows the joinder of persons in an action as Defendants where any right to relief is asserted against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; any question of law or fact will be common to all Defendants in this action.

39. Upon information and belief, Defendants are at the very least, part of the same series of transactions or occurrences by virtue of the fact that one or more of the Defendants is the original designer/manufacturer of the infringing products and subsequently distributes the infringing products to the other Defendants, who in turn offer the infringing products through their respective storefronts.

40. Defendants, and each of them, use the endless reach of the internet to sell counterfeit, and often drastically undervalued, goods across state and international borders – all while violating Plaintiff's copyrights.

41. Defendants, and each of them, violated one or more of Plaintiff's copyrights through the use of e-commerce storefronts while using online financial accounts to accept, receive, and transfer profits from their infringing conduct.

42. Joinder of all Defendants only promotes the interests of convenience and judicial economy, while severance will lead to increased costs for Plaintiff, Defendants, and third-party Service Providers who must abide by the terms of any injunction.

43. Under the present circumstances, joining all Defendants in this action does not affect any individual Defendant's rights or defenses.

## THE DEFENDANTS' INFRINGING CONDUCT

44. The Defendants, and each of them, operate highly interactive Online Storefronts.

45. Defendants use their Online Storefronts to infringe the intellectual property rights of Plaintiff, by promoting, advertising, distributing, selling, and/or offering to sell the Infringing Products.

46. Upon information and belief, Defendants use their Online Storefronts to infringe upon the intellectual property rights of others.

47. Upon information and belief, Defendants advertise the Infringing Products within their Online Storefronts, as well as through other third-party websites, including but not limited to, various social media accounts.

48. Defendants, and each of them, are exploiting Plaintiff's copyrights in order to appear more trustworthy, relevant, and attractive to consumers searching for whimsical artwork like the Subject Works.

49. Defendants, individually and jointly, are causing direct harm to Plaintiff and consumers by (a) causing the overall diminution of the value of the goodwill associated with Plaintiff's intellectual property assets; (b) decreasing the value of the property itself as Plaintiff is unable to license the Subject Work for its true value due to the widespread availability of lower quality imitations; (c) reducing the visibility of genuine products bearing the Subject Work, (d) increasing Plaintiff's overall cost to market its goods and educate consumers via the internet.

50. Through their infringing commercial activities, Defendants, and each of them, are damaging Plaintiff and its copyrights, for their own benefit.

51. Defendants' counterfeiting, infringing, and unfairly competitive activities causes Plaintiff to suffer irreparable injury, while also harming the general public through the flow of counterfeit goods across interstate and international borders.

52. Plaintiff has not licensed or authorized Defendants to exploit the Subject Work and none of the Defendants is an authorized retailer, wholesaler, distributor, manufacturer, etc., of products bearing the Subject Work.

53. In comparing each and every Infringing Product, as offered for sale, with the corresponding Subject Work, it is clear that each and every Infringing Product incorporates an exact, virtually identical, and/or strikingly similar copy of a Subject Work that copies protectable

elements of expression, including but not limited to (a) the placement, arrangement, and positioning of anatomical/or fictional elements, (b) the creative and abstract expression of anatomical and fictional elements, not necessary to the depiction of the mythological creature "Fenrir", (c) the unique expression of individual design elements, (d) placement and design of ornamental elements, such as the unique filigree, and (e) the creative and original selection, arrangement, and coordination of design elements

## **FIRST CLAIM FOR RELEIF**
(Copyright Infringement – Against All Defendants, and Each)

54. Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding and none of paragraphs of this Complaint as if fully set forth herein.

55. Plaintiff is the owner of the Subject Work.

56. The Subject Work are copyrightable subject matter under 17 U.S.C. § 102(a)(5).

57. Plaintiff has complied in all respective with the provisions and requirements of the Copyright Act.

58. The Copyrights in, and to, the Subject Work was registered with the United States Copyright Office prior to the acts complained of herein.

59. Plaintiff has the exclusive rights under 17 U.S.C. § 106 to reproduce prepare derivative works of, distribute copies of, and publicly display the Subject Work.

60. Without Plaintiff's authorization, Defendants, and each of them, reproduced, distributed, displayed, and/or prepared derivative works of, one or more of the Subject Work.

61. Without Plaintiff's authorization, Defendants, and each of them, offered for sale and/or sold Infringing Products through their Online Storefronts.

62. Defendants, and each of them, had actual or constructive knowledge of the infringement of Plaintiff's copyrights.

63. Defendants, and each of them, had access to the Subject Work, including, without limitation, through (a) accessing Plaintiff's online design portfolio; (b) accessing products bearing the Subject Works located on websites operated by Plaintiff or through licensed third party websites; (c) access to illegally manufactured, imported and distributed copies of the Subject Work by third-party vendors, including without limitation international and/or overseas manufacturers and printing mills; and/or (d) receiving the Subject Work from one or more of the co-Defendants.

64. Access is also established by the striking similarity as each Infringing Product bears either (a) an exact copy of Subject Work, or (b) a virtually identical copy of Subject Work, but for a trivial alteration.

65. Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Work and by producing, distributing and/or selling apparel and/or other products which infringe the Subject Work through the Online Storefronts.

66. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business, including without limitation, lost profits and lost licensing revenue, in an amount to be established at trial.

67. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damage to its copyrights namely the diminution, if not total destruction of Plaintiff's copyrights.

68. Due to Defendants' acts of infringement, Plaintiff is presently experiencing a decreased desire and/or incentive to continue creating new works of art.

69. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

70. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Works as alleged herein. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Works in an amount to be established at trial.

71. Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, malicious, and/or in reckless disregard of Plaintiff's copyrights, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

72. Plaintiff claims all damages and remedies available under 17 U.S.C. § 504.

## SECOND CLAIM FOR RELEIF
(Providing False Copyright Management Information)

73. Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding and none of paragraphs of this Complaint as if fully set forth herein.

74. Certain Defendants, (the "CMI Defendants"), have distributed Infringing Products with false copyright management information, namely false information concerning authorship/ownership of one or more of the Subject Work.

75. The CMI Defendants displayed, reproduced, and/or otherwise commercially exploited images of the Infringing Jewelry, which included copyright management information that is false.

76. These CMI Defendants affixed their own logos, names, watermarks, and/or other copyright management information onto, or in connection with the Infringing Jewelry.

77. The CMI Defendants' own logos, names, watermarks and other copyright management information was accessible, viewable, or otherwise displayed in conjunction with and/or appeared with the work being accessed through the individual product listings.

78. The CMI Defendants' false CMI would appear on product images in an attempt to (a) prevent further infringement, forcing consumers to purchase their infringing product, (b) to facilitate and induce the sale of the Infringing Jewelry by presenting themselves as the legitimate rights owner or author of the Subject Work, (c) to conceal their own infringement and deceive the public into believing that their Infringing Jewelry is copyrighted and owned by Defendants, and/or (d) to inflate consumers' perceptions over CMI Defendants' design capabilities.

79. The presence of copyright management information in connection with the Infringing Products functions to deceive consumers into believing that they are purchasing legitimate products bearing the Subject Work.

80. The CMI Defendants have knowingly, and with the intent to induce, enable, facilitate, or conceal infringement, provided copyright management information that is false, and/or distributed copyright management information that is false.

81. The CMI Defendants were at all times aware that they were not the authors or copyright owners of the relevant Subject Work, but nonetheless represented to consumers that they were the authors or copyright owners of the Subject Work.

82. Due to the intentional acts of the CMI Defendants, as alleged herein, the CMI Defendants, and each of them, are liable for reasonable attorneys' fees and costs, as well as actual damages or statutory damages for each of the aforementioned violations, and any others not presently known to Plaintiff, under 17 U.S.C. §1203

83. Plaintiff claims all damages and remedies available under 17 U.S.C. §1203.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants, and each of them, as follows:

A. Entry of temporary, preliminary, and permanent injunctions pursuant to 17 USC §502, *et seq.* and Federal Rule of Civil Procedure 65 from copying, displaying, distributing, or creating derivative works of the Subject Works.

B. Entry of a Temporary Restraining Order, as well as preliminary and permanent injunctions, pursuant to the Court's inherent authority, enjoining Defendants and all third parties with actual notice of the injunction issued by this Court from participating in, including providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of the Infringing Products.

C. that the Court enter judgment against Defendants, and each of them, setting forth that Defendants have individually infringed Plaintiff's federally registered copyrights to the Work as contemplated by 17 U.S.C. §504(c)(2);

D. alternatively, that the Court enter judgment against Defendants, and each of them, setting forth that Defendants have individually infringed Plaintiff's federally registered copyright to the Works, pursuant to 17 U.S.C. § 501;

E. that the Court enter judgement against the CMI Defendants, and each of them, for their unlawful and knowing violations under 17 U.S.C. § 1203;

F. that Defendants and its respective agents, officers and servants be enjoined from importing, manufacturing, distributing, displaying, offering for sale, selling or

    otherwise trafficking in any materials that infringe Plaintiff's copyrights in and to the Subject Works;

G. impounding all unauthorized material that bears infringing copies of Plaintiff's copyrighted artwork in the possession or control of Defendants pursuant to 17 U.S.C. §503(a)(1)(A), and ordering destruction of all unauthorized material bearing the Works, pursuant to 17 U.S.C. §503(b);

H. that Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages for willful infringement as available under 17 U.S.C. § 504(c);

I. the Plaintiff be awarded its attorneys' fees as available under 17 U.S.C. §504(c) or other applicable statute;

J. Entry of an Order that Defendants, and any financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms, and their related companies, affiliates, identify and restrain all funds, up to and including the total amount of judgement in all financial accounts or sub-accounts used in connection with the Defendants' Online Storefronts, currently in use by Defendants or in the future, as well as any other related accounts of the same Defendants, any other accounts which transfer funds into the same financial institution accounts and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgement entered herein.

K. that Plaintiff be awarded pre- and post-judgment interest as allowed by law;

L. that Plaintiff be awarded the costs of this action; and

M. that Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Respectfully submitted,

Date:  January 18, 2024

By:   */s/ Dmitry Lapin*
Dmitry Lapin, Esq.
Axenfeld Law Group, LLC
2001 Market Street Suite 2500
Philadelphia, PA 19103
dmitry@axenfeldlaw.com
917-979-4570

*Attorney for Plaintiff*