UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

Douglas Cavanaugh

                        Plaintiff

                        Case No: 24-cv-380-JHR

v.

Individuals, Corporations, Limited
Liability Companies, Partnerships,
and Unincorporated Associations Identified
on Schedule A to the Complaint,

                        Defendants.

-----------------------------------------------------------x

## [PROPOSED] ORDER GRANTING ALTERNATIVE SERVICE

**WHEREAS**, this action arises from Defendants' alleged infringement of Plaintiff's copyrighted artwork through the unauthorized sale of jewelry pendants via online storefronts; on March 31, 2025, the Court entered a Temporary Restraining Order (the "TRO") (Dkt. 23) based on Plaintiff's showing of a likelihood of success on the merits, a threat of irreparable harm, and the need to preserve the *status quo*, enjoining further infringing conduct and authorizing expedited discovery to identify the Defendants and their contact information, among other relief;

**WHEREAS,** the Court initially ordered Defendants to show cause on April 11, 2025, why a preliminary injunction should not issue, and subsequently adjourned the hearing to April 25, 2025;

**WHEREAS**, Plaintiff has moved for an order permitting alternative service of process by electronic means, including email, pursuant to Federal Rules of Civil Procedure 4(e) and 4(f)(3);

**WHEREAS**, Plaintiff argues that Defendants are either located in (i) the United States, (ii) countries that are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention") and have not objected to service via postal channels (e.g., the United Kingdom), (iii) countries that are signatories to the Hague Convention that have objected to such service (e.g., China, Turkey), (iv) countries that are not signatories to the Hague Convention;

**WHEREAS**, Federal Rule of Civil Procedure 4(e)(1) permits service on individuals in the United States in accordance with New York law, which allows courts to authorize service "in such manner as the court, upon motion without notice, directs, if service is impracticable under" conventional means (N.Y. C.P.L.R. § 308(5));

**WHEREAS**, Plaintiff argues that traditional methods of service are impracticable here due to Defendants' having multiple addresses in various states, the large number of Defendants, Defendants' interconnected nature and the unreliability of Defendants' given physical addresses due to the nature of their online businesses. Courts have held that service via email in such circumstances is permissible. See, e.g., *Fox Shiver LLC* v. *Individuals, Corps., Ltd. Liab. Cos., P'ships., & Unincorporated Ass'ns. Identified on Schedule A to Complaint*, No. 23 Civ. 1898, 2023 WL 4373308, at *2 (S.D.N.Y. Apr. 25, 2023); *Kaws Inc. v. Individuals, Corps., Ltd. Liab. Cos., P'ships., & Unincorporated Ass'ns. Identified on Schedule A to Complaint*, No. 22 Civ. 9073, 2022 WL 17404520, at *1 (S.D.N.Y. Dec. 2, 2022);

**WHEREAS**, for Defendants located in countries that are signatories to the Hague Convention and have not objected to service via postal channels under Article 10, such as the United Kingdom, email service is permissible where it is reasonably calculated to provide actual notice and no contrary international agreement exists prohibiting such service. *See, e.g., CKR L.*

*LLP v. Anderson Invs. Int'l, LLC,* No. 20 Civ. 7937, 2021 WL 1163669, at *2 (S.D.N.Y. Mar. 26, 2021) (explaining that the United Kingdom has not objected to Article 10 of the Hague Convention); *Barron v. Helbiz Inc.*, 2022 U.S. Dist. LEXIS 139709, at *4 (S.D.N.Y. Aug. 5, 2022) (permitting alternative service via email on Canadian resident since Canada does not object to Article 10 of the Hague Convention);

**WHEREAS**, for Defendants located in countries that are not signatories to the Hague Convention, service by email is likewise permissible under Rule 4(f)(3) because no international agreement governs service in those jurisdictions;

**WHEREAS**, for countries that have objected to service under Article 10 of the Hague Convention, service via email is permissible notice of the TRO and motion for a preliminary injunction under the urgency exception of Article 15, which states that "[n]otwithstanding the provisions of the preceding paragraphs, the judge may order, in case of urgency, any provisional or protective measures." Email service on a defendant located in a country that has objected to Article 10 is nonetheless proper when there is an urgency of preventing irreparable harm, as well as the delays associated with effectuating service through the country's central authority. *See, e.g., King Spider LLC v. 884886 CH Store*, No. 23-CV-3472 (S.D.N.Y. Dec. 17, 2024).\*

**WHEREAS**, the Court finds that the urgency exception under Article 15 is satisfied in this case: Plaintiff has shown a substantial risk of irreparable harm if service is delayed, the Court has already entered a TRO based on ongoing infringement, and Plaintiff has submitted evidence that service through China's and Turkey's Central Authorities is either significantly delayed—taking 12 to 18 months—or procedurally unreliable; accordingly, email service is necessary to preserve the integrity of the TRO and to prevent further harm prior to the preliminary injunction hearing;

\*However "no default judgment can be entered against any Defendants [to whom the Hague Convention applies] until service is completed in compliance with the Hague Convention." *ABC v. DEF*, No. 24CV8341 (DLC), 2024 WL 5168624, at *1 (S.D.N.Y. Dec. 13, 2024).

**WHEREAS,** email service also "meet[s] the strictures of the Due Process Clause" in this case, which "requires only that the alternative means of service be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mattel, Inc. v. Animefun Store*, No. 18 Civ. 8824, 2020 WL 2097624, at *5 (S.D.N.Y. May 1, 2020). Plaintiff has demonstrated that the email addresses associated with each Defendant's online storefront are necessary for the operation of their storefronts and customer interactions, making it likely that service to those addresses will provide actual notice;

**WHEREAS,** the Court finds that service by email is not prohibited by international agreement, satisfies the requirements of due process, and is reasonably calculated to apprise Defendants of the pendency of this action and afford them an opportunity to respond.

Therefore, **IT IS HEREBY ORDERED**, that

1. Plaintiff's Motion for Alternative Service is **GRANTED** in part;

2. Plaintiff is authorized to serve the summons, complaint, the TRO and all other initiating documents in this action upon each Defendant via email at the addresses identified by the respective online service providers in response to Plaintiff's discovery requests;**

3. Such service shall be deemed effective upon transmission, and no further service shall be required to provide Defendants notice except as required for compliance with the Hague Convention and unless otherwise ordered by the Court.

**SO ORDERED**

DATED: April 22, 2025

_____
Hon. Jennifer H. Rearden
U.S. District Judge

**For the purpose of default judgment, such service shall not satisfy Plaintiff's obligation to serve the summons and complaint upon Defendants in countries that have objected to service under Article 10 of the Hague Convention. See *ABC v. DEF*, No. 24CV8341 (DLC), 2024 WL 5168624, at *1 (S.D.N.Y. Dec. 13, 2024).