**Dmitry Lapin, Esq. (NY, NJ, PA, and ME)**
535 N. Church Street #304
West Chester, PA 19380
(917)-979-4570
dmitry@axenfeldlaw.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/24/2025

---

**VIA ECF**

April 23, 2025

Hon. Jennifer H. Rearden
District Court, Southern District of New York
500 Pearl Street, Room 1010
New York, NY 10007

**MEMO ENDORSED (p. 2)**

Re:   **Cavanaugh v. Individuals, et al.** (1:24-cv-00380-JHR)
      Motion to Extend Temporary Restraining Order and Adjourn Hearing

Dear Hon. Rearden:

This office represents Plaintiff in the above-captioned copyright infringement action against Defendants, who have unlawfully exploited Plaintiff's intellectual property by marketing and selling infringing products through e-commerce storefronts. On March 31, 2025, the Court issued a Temporary Restraining Order (the "TRO") [Dkt. 23], which, among other relief, directed third-party internet service providers and financial institutions to immediately restrain Defendants' online selling accounts. The Court also scheduled a preliminary injunction hearing for April 11, 2025, which was subsequently adjourned to April 25, 2025 [Dkt. 25]. On April 17, 2025, Plaintiff filed his Motion for Alternative Service [Dkt. 26].

As noted in Plaintiff's Motion for Alternative Service, several service providers have not yet responded to the early discovery requirements of the TRO. Plaintiff has diligently continued efforts to obtain the necessary information to complete service. Earlier today, AliExpress disclosed the email addresses associated with the applicable Defendants on its platform. However, Plaintiff has not received any information concerning the merchant-Defendants operating through Wish.com. Wish.com is now the sole service provider that has not produced the requested information.

Upon issuance of the TRO, and consistent with past matters, I reached out to Barnes & Thornburg LLP—previously known to represent ContextLogic, Inc., the operator of Wish.com—to confirm whether they still represent the entity and could accept service of the TRO. I was informed that Barnes & Thornburg LLP no longer represents ContextLogic, Inc. The TRO was subsequently sent to Wish.com. Despite follow-up efforts, I did not receive a response until April 22, 2025, when I first discovered that Barnes & Thornburg LLP now represents Wish Holdings LLC, which—apparently through corporate restructuring—has assumed operation of Wish.com.

Barnes & Thornburg LLP was formally provided with the TRO on April 22, 2025. I anticipate that the requested identifying information for two Defendants will be provided within the next week.

To date, Plaintiff has not been able to serve all Defendants with the TRO due to delayed disclosures. Accordingly, Plaintiff respectfully requests a three-week adjournment of the hearing currently scheduled for April 25, 2025. This additional time will allow Wish Holdings LLC to produce the necessary information, enable the Court to rule on Plaintiff's pending Motion for Alternative Service, and provide Plaintiff with a reasonable window to complete service of the



Summons, Complaint, and TRO. It will also permit Defendants an opportunity to respond should they wish to oppose the requested relief.

Accordingly, Plaintiff respectfully requests the following relief to allow the Court to effectively adjudicate Plaintiff's request for preliminary relief:
1. That the preliminary injunction hearing currently scheduled for April 25, 2025, be adjourned to May 16, 2025;
2. That any Defendant who wishes to oppose entry of a preliminary injunction be required to serve written opposition, if any, on or before May 13, 2025; and

This is Plaintiff's second request to adjourn the preliminary injunction hearing. No Defendant has appeared in this action and there are currently no other scheduled appearances or deadlines. In light of the above, Plaintiff respectfully submits that good cause exists to extend and adjourn the preliminary injunction hearing.

Respectfully submitted,

/s/ Dmitry Lapin
Dmitry Lapin, Esq.

Application GRANTED. Defendants shall submit their opposition, if any, to Plaintiff's motion for a preliminary injunction by **May 13, 2025**. Plaintiff shall file his reply, if any, by **May 14, 2025**. The hearing scheduled for April 25, 2025 is adjourned to **May 16, 2025** at **11:30 a.m.**

Good cause exists to extend the TRO because Plaintiff cannot effectuate service until the third-party service provider discloses Defendants' contact information. *See* Fed. R. Civ. P. 65(b)(2); *see also Cawthon v. Zhousunyijie*, 700 F. Supp. 3d 20, 31 n.2 (S.D.N.Y. 2023) ("A temporary restraining order can be extended beyond the 14-day limit for good cause, and while service is being effected."). Moreover, no Defendant has opposed Plaintiff's motion for a preliminary injunction by the deadline of April 23, 2025. Accordingly, the Court extends the TRO through May 16, 2025.

The Clerk of Court is directed to terminate ECF No. 31.

SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Dated: April 24, 2025