UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/16/2025
```

------------------------------------------------------x

Douglas Cavanaugh

                         Plaintiff

                         Case No: 24-cv-380-JHR

v.

Individuals, Corporations, Limited
Liability Companies, Partnerships,
and Unincorporated Associations Identified
on Schedule A to the Complaint,

                        Defendants.

------------------------------------------------------x

## [PROPOSED] PRELIMINARY INJUNCTION ORDER

THIS MATTER comes before the Court on the application of Douglas Cavanaugh ("Plaintiff"), brought by way of Order to Show Cause, for entry of a Preliminary Injunction (the "Application") against the Defendants identified on the Schedule A to the Complaint (collectively, the "Defendants")[1]; and

THE COURT having reviewed the papers in support of the Application, and following ~~any~~ arguments by Plaintiff's counsel present at the May 16, 2025, hearing, at which no Defendant appeared, finds that Plaintiff meets the criteria for entry of preliminary injunctive relief;

THE COURT further finds it has personal jurisdiction over the Defendants because the Defendants directly target their business activities toward consumers in the United States, including New York, offering to sell and ship products into this Judicial District. Specifically, the Defendants are reaching out to do business with New York residents by operating one or more

---

[1] Any capitalized term not defined herein shall have the meaning set forth in the Temporary Restraining Order ("TRO") entered by the Court on March 31, 2025. See ECF No. 23.

commercial, interactive online storefronts (the "Online Storefronts") operated through either AlibabaGroup, Inc./Alibaba Hong Kong Limited (Alibaba.com/AliExpress.com), Etsy, Inc. (etsy.com), or Wish Holdings LLC[2] (Wish.com) (the "Service Providers"). Through Defendants' Online Storefronts, New York residents can purchase products that are unlawfully bearing, using, or otherwise copying Plaintiff's copyrights (the "Infringing Products") to the work of art titled Fenrir: The Monster Wolf of Norse Mythology, bearing U.S. Copyright Registration Number VA-2-119-205 (the "Subject Work").

THIS COURT concludes that Plaintiff meets the criteria for preliminary injunctive relief against the Defendants. The evidence establishes that Plaintiff has a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted, including, for example:

a) Through the Declarations of Dmitry Lapin and Douglas Cavanaugh, and accompanying evidence, Plaintiff has proven a *prima facie* case of copyright infringement because (1) ownership of a valid copyright is established through the copyright registration certificate for the Subject Work, which indicates that the Subject Work was registered within five years after first publication. The copyright registration certificate therefore serves as *prima facie* evidence of the validity of Plaintiff's copyright to the Subject Works and the facts stated in the certificate, 17 U.S.C. § 410(c); and (2) copying of constituent elements of the Subject Work that are original. Through visual comparison of the Subject Work and the Infringing Products, it is unquestionable that the Infringing Products bear an exact copy,

---

[2] The TRO identified ContextLogic, Inc. as the operator of the marketplace platform Wish.com. Following issuance of the TRO, it came to light that Wish Holdings LLC now operates Wish.com. As outlined in this Order, the terms of the TRO are hereby extended for the duration of this litigation, and are expressly applicable to Wish Holdings LLC.

or virtually identical copy, of the Subject Work. Defendants are creating, offering for sale, and/or selling the Infringing Products and thus, have infringed Plaintiff's copyright to the Subject Work. 17 U.S.C. §106.

b) The continued and unauthorized use of the Subject Work irreparably harms Plaintiff's copyrights through loss of exclusivity, loss of future sales, and damage to Plaintiff's reputation.

c) Money damages fail to address such damage and therefore, Plaintiff does not have an adequate remedy at law;

d) Further, the public interest is served by entry of this Preliminary Injunction to prevent Plaintiff's interest to its copyrights and to protect the public from being deceived and defrauded by Defendants' infringing actions.

The Court therefore determines that a preliminary injunction is warranted under Federal Rule of Civil Procedure 65. The injunctive relief initially granted in the Temporary Restraining Order ("TRO") on March 31, 2025 (ECF No. 23), and later extended on April 8, 2025 (ECF No. 25) and April 24, 2025 (ECF No. 33), shall remain in place through the pendency of this litigation.

**NOW THEREFORE**, on this 16th day of May, 2025, this Court ORDERS that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be preliminarily enjoined and restrained from:

    a. Using or otherwise exploiting the Subject Work, or any copyrights thereto, in any manner;

b. Passing off, inducing, or enabling others to sell or pass off any Infringing Products not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale using the Subject Work;

c. Further infringing the Subject Work, or any copyrights thereto;

d. Committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

e. Further infringing Plaintiff's copyrights to the Subject Work and damaging Plaintiff's goodwill; and

f. Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear the Subject Work, any reproductions, counterfeit copies, or colorable imitations thereof.

g. ~~Using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Storefronts, or any other domain name or online market place account that is being used to sell or is the means by which Defendants could continue to sell Infringing Products.~~

2. ~~Within fourteen (14) days of receiving notice of this Order, the Defendants shall each serve upon Plaintiff a written report under oath providing: (a) their true name and physical address, (b) all websites and online marketplace accounts on any platform that they own and/or operate; (c) their financial accounts, including by way of example, all AllPay/GoAllPay, Coinbase, HyperWallet, Lakala, LianLian, OFX, Paxful, PayEco, Payoneer, PayPal, PingPong,~~

~~SellersFunding, Stripe, Union Mobile/UmPay/UmPay2, and Wise/TransferWise accounts (the "Financial Institutions"); and (d) the steps taken by each Defendant to comply with paragraph 1, a through g, above.~~

3. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be preliminary enjoined from transferring or disposing of any money or other assets until further ordered by this Court.

4. The Service Providers and Financial Institutions shall, within five (5) business days of receipt of this Order, locate Defendants' Financial Accounts and funds connected to and related to Defendants and Defendants' Online Storefronts and shall provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

   a. The identities and locations of the Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

   b. The nature of the Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with the Defendants' Accounts with the Service Providers and the Defendants' Financial Accounts, as well as providing a full accounting of the Defendants' sales and listing history related to their respective accounts;

   c. Identifying any Online Storefronts, Defendant Accounts, and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint (and attached hereto).

5.  The Service Providers and Financial Institutions shall, within five (5) business days of receipt of this Order, restrain and enjoin Defendants' Accounts and Defendants' Financial Accounts from receiving, transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6.  Schedule A to the Complaint, Plaintiff's *ex parte* Applications for entry of a Temporary Restraining Order, Preliminary Injunction, a Restraint on the Transfer of Assets, Expedited Discovery, and all associated documents annexed thereto, including Exhibits, Declarations, and Proposed Orders are now unsealed. The TRO is now unsealed.

7.  Any Defendant that is subject to this Order may appear and move to dissolve or modify this Order on seven (7) days' notice to Plaintiff, or on shorter notice as set by this Court.

8.  The Five Thousand Dollars ($5,000.00) bond posted by Plaintiff shall remain with the Court until a final disposition of this case, or until this Preliminary Injunction is terminated.

9.  All discovery shall be completed by **September 15, 2025**. By **September 17, 2025**, all parties that have appeared shall file a joint letter updating the Court on the status of the case.

Dated: May 16, 2025

_____
Jennifer H. Rearden, U.S. District Judge